IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE ANDERSON, #30833-177,  )   |   |   |
|     Petitioner,  )   |   |   |
|   )   |   |   |
| v.  )   | 3:05-CV-2461-B |   |
|   )   | ECF |   |
| DAN JOSLIN, Warden,  )   |   |   |
|     Respondent.  )   |   |   |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties:  Petitioner is a federal inmate currently confined at FCI Seagoville in Seagoville, Texas. Respondent is the Warden of FCI Seagoville. The Court issued process in this case.

Statement of the Case:  On October 30, 2003, Petitioner pled guilty to possession of unregistered firearms in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871. United States v. Anderson, 3:03cr244-H (N.D. Tex., Dallas Div.). On February 12, 2004, the trial court assessed punishment at 36 months imprisonment, a three-year term of supervised release, and a fine in the amount of $20,000. Id.

In the present action, Petitioner challenges the Bureau of Prisons' (BOP) interpretation of 18 U.S.C. § 4042(b), which provides that if the prisoner was convicted of a drug trafficking

crime or crime of violence and is to be released on supervised release, the BOP "shall" provide written notice of the release of the prisoner to the chief law enforcement officer of the jurisdiction in which the prisoner will reside.  Petitioner alleges the BOP has notified him that it intends to provide notice of his upcoming supervised release pursuant to § 4042(b).  (Petition (Pet.) at 5).  He contends that neither the judgment of conviction nor the oral pronouncement of the sentence made reference to the notification requirements under § 4042(b).  (Id.).  He, thus, argues that the "amendment" of his sentence to provide for the above notification requirement is unconstitutional.  He further argues that his crime – possession of unregistered firearms – is not a crime of violence as set out in § 4042(b).  (Id. at 5-8).

In response to the order to show cause, Respondent filed a motion to dismiss or, alternatively, for summary judgment, arguing Petitioner failed to exhaust his administrative remedies, and the BOP is not amending his sentence.  Petitioner has filed a response.

Findings and Conclusions:  "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

Petitioner purports to bring this habeas petition pursuant to 28 U.S.C. § 2241(c)(3).  His habeas petition, however, does not challenge the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); see also Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005); Heck v. Humphrey, 512 U.S. 477, 481 (1994); Carson v. Johnson, 112 F.3d 818, 820

2

(5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).  He merely seeks to challenge a condition of his upcoming supervised release.  Therefore, this Court lacks subject matter jurisdiction over his § 2241 habeas petition.  See Henrikson v. Guzik, 249 F.3d 395, 397 n. 4 (5th Cir. 2001) (recognizing that district court lacked jurisdiction over § 2241 petition which challenged only release notification requirement under 18 U.S.C. § 4042(b)).

In Henrikson, the Fifth Circuit noted that where the exhaustion requirement is satisfied, a court can properly construe habeas petitions which do not seek immediate or speedier release "as requests for declaratory judgment pursuant to 28 U.S.C. §§ 1331 and 2201."  Id. (citing Royce v. Hahn, 151 F.3d 116, 118 (3rd Cir. 1998)).

Petitioner does not dispute Respondent's contention that he did not exhaust his available administrative remedies.  He argues, however, that administrative exhaustion is futile.  (Petitioner's Response at 1-2).  In that respect, he states that he is "scheduled to be released within the next four (4) months, and that the administrative remedy process takes at best four months, and normally at least six months," thus rendering it futile.  (Id. at 2).

Respondent's motion to dismiss notes that "Petitioner's projected release date is December 14, 2006, via Good Conduct Time release."  (Mot. to Dism. at 1).  In light of this, the Court concludes that exhaustion of administrative remedies is not futile.  Having failed to exhaust administrative remedies, the habeas petition may not be treated as a request for

3

declaratory judgment.  Therefore, the petition should be dismissed for want of jurisdiction.[1]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition for habeas corpus relief for lack of jurisdiction.

It is further recommended that Respondent's motion to dismiss (docket #8) be denied and that Petitioner's motion to take judicial notice (docket #17) be granted.

The clerk will mail a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 25th day of May, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] The Court notes that in Henrikson, the BOP did not contend that Henrikson's current conviction, for possession of unregistered firearms (which appears identical to the conviction at issue in this case) required release notification under § 4042(b).  Henrikson, 249 F.3d 395, 397.  Rather the BOP asserted that Henrikson's prior conviction for arson required release notification.  Id.  The Fifth Circuit held that the release notification requirement under § 4042(b) applied only if the prisoner's current conviction was for a crime of violence or a drug trafficking crime.  Id. at 399.